**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

LAURA WILHELM-BRUZEK,
    Plaintiff,

    v.

COUNTY OF ST. CLAIR, ST. CLAIR
COUNTY SHERIFF'S OFFICE, and
DEPUTY DOE sued in his/her official and
personal capacity,
    Defendants

_____ /

Case No.: 26-cv-10453
Honorable _____

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
THOMAS J. LAMBERT (P86348)
Attorneys for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
tlambert@olcplc.com

_____

**COMPLAINT**

NOW COMES Plaintiff LAURA WILHELM-BRUZEK, by and through counsel, and complains as follows:

**PARTIES**

1.    Plaintiff LAURA WILHELM-BRUZEK is the named plaintiff in this action.

2.    One or both Defendants COUNTY OF ST. CLAIR and ST. CLAIR COUNTY SHERIFF'S OFFICE are local municipal governments and public bodies subject to the requirements of the *Freedom of Information Act*.

3.    At all relevant times, Defendant ST. CLAIR COUNTY SHERIFF'S OFFICE exercised final policymaking authority with respect to the creation, redaction, and public release of body-worn camera recordings and responses to FOIA requests arising from law-enforcement activity.

4.    Defendant DEPUTY DOE is the person who decided to make redactions and limit distribution of the body-cam videos as outlined herein and is likely the Sheriff's Office's FOIA Coordinator; discovery will reveal his or her identity.

1

**JURISDICTION**

5.      This is a civil action brought inter alia pursuant to 42 U.S.C. § 1983 seeking relief against Defendants for their violations of the United States Constitution and Michigan law.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the *Declaratory Judgment Act*; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

7.      This Court is directed by state law to advance this matter expeditiously as MCL 15.240(5) requires that this action shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way.

8.      Venue is proper in this Court as Defendants conduct business in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

9.      On the evening of December 13, 2025, deputies from the St. Clair County Sheriff's Office responded to a call at the Animal Control facility in Port Huron, Michigan regarding a dog that had been found wandering in cold, near-freezing weather.

10.     A family that had located the animal attempted to bring it to animal control for shelter and reunification with its owner.

11.     Upon arrival, deputies encountered the animal, which had a harness on and was confined in the back of the family's vehicle.

12.     It has been reported that a deputy opened the hatchback, and the dog is alleged to have bit the deputy.

13.     Supervisors and additional deputies arrived and attempted to secure the dog using a catch pole.

14.     Deputies held down the dog with poles and ultimately shot and killed the dog behind the animal control building.

15.     The official account cited concerns for officer safety and the dog's aggression as the basis for lethal force.

16.     The encounter was captured on body-worn camera footage, portions of which were released publicly.

17.     Community members, animal welfare advocates, and news outlets have widely circulated the released footage, and many have expressed concern about how the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC

www.olcplc.com

situation was handled and whether the redactions obscure material facts about the deputies' actions and decision-making.

18.     Advocacy organizations and private citizens have posted and shared versions of the available footage and commentary online, and the incident has generated widespread social media discussion and news coverage.

19.     The shooting and killing of the dog and the public's limited access to the *full* body-cam recording has become a matter of intense local concern underscoring a broader public interest in transparent documentation of police interactions and the government's exercise of force, particularly in situations where official accounts can differ from community perceptions and where video evidence is central to public discourse about law enforcement practices.

20.     At the time Defendants released the redacted footage, public discussion of the incident was ongoing and active, and the body-worn camera recordings constituted the primary (and in many respects exclusive) source of objective evidence concerning the conduct of public officials and their decisions.

21.     In circumstances involving the use of lethal force by law enforcement, body-worn camera footage serves as a primary mechanism by which the public may evaluate whether officers acted in accordance with community expectations, law, training, and departmental policy.

22.     On January 12, 2026, Plaintiff LAURA WILHELM-BRUZEK submitted a *Freedom of Information Act* (FOIA) request to upon the St. Clair County Sheriff's Office using the form it has created.

23.     It is unclear whether Defendants treat the Sheriff's Office as a public body separate and distinct from County of St. Clair or otherwise is merely a department/division within the singular county government; however, both Defendants exercised authority and control over the records requested and the response issued.

24.     On that same day, Denise Hyde (who identifies herself as part of the St. Clair County Sheriff's Office), responded with an email stating as follows:

> *All videos have been sent to you via email from evidence.com. Please be sure to check you (sic) spam folder as well. The downloadable link is accessible for 3 days. Thank you.*

25.     This response was deficient under the *Freedom of Information Act*.

26.     Two videos were produced, one which is 7 minutes length and the other is approximately 19 minutes in length.

27.     The produced 7-minute video, dubbed St. Clair County Sheriff's Office Body Camera 1, is accessible at https://youtu.be/uh_R1LQJel0.

28.     The produced ≈19-minute video, dubbed St. Clair County Sheriff's Office Body Camera 2, is accessible at https://youtu.be/TrTH6t0Qua8.

29.     The videos are heavily redacted.

30.     Extensive redactions obscure both the sequence of events and the full conduct of officers, which frustrates the core purpose of governmental accountability.

31.     Upon information and belief, the redactions disproportionately obscure footage depicting public officials' decision-making, escalation, and handling of the encounter, while leaving intact footage that tends to reinforce Defendants' official narrative.

32.     By releasing selectively redacted footage while allowing an official account of the incident to circulate publicly, Defendants substituted an edited version of events for the unaltered record, thereby skewing or attempting to skew public understanding and debate.

## COUNT I
## FIRST AMENDMENT (42 U.S.C. § 1983)
## UNCONSTITUTIONAL INTERFERENCE WITH THE RIGHT TO
## RECEIVE AND DISSEMINATE INFORMATION OF PUBLIC CONCERN
## (ALL DEFENDANTS)

33.     Plaintiff LAURA WILHELM-BRUZEK incorporates by reference the previous allegations as if set forth word for word herein.

34.     The First Amendment protects not only the right to speak, but also the corollary right to receive, gather, and disseminate information concerning the conduct of government officials on matters of public concern.

35.     The shooting and killing of a dog by deputies of the St. Clair County Sheriff's Office during an official law-enforcement response constitutes a matter of substantial public concern, involving the use of force by government actors and the exercise of official discretion.

36.     The body-worn camera recordings created by one or both Defendants are government-generated audiovisual records documenting official police conduct and serve as a primary means by which members of the public may evaluate the legality, necessity, and policy compliance of that conduct.

37.     Plaintiff LAURA WILHELM-BRUZEK lawfully requested and obtained partial copies of the body-worn camera recordings at issue and seeks to receive and disseminate truthful information contained therein concerning official law-enforcement activity.

38.     One or both Defendants, acting under color of state law, produced versions of the recordings that were extensively and selectively redacted, obscuring critical

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

portions of the events depicted, including the actions, commands, timing, and decision-making of deputies leading up to and including the use of lethal force.

39.     These redactions materially impair the ability of Plaintiff LAURA WILHELM-BRUZEK and the public to understand, evaluate, and discuss the conduct of Defendants' officers and substantially burden Plaintiff LAURA WILHELM-BRUZEK's First Amendment rights to receive and disseminate information of public concern.

40.     The challenged redactions do not merely withhold information, but materially alter the communicative content of the recordings by suppressing disfavored facts and viewpoints while preserving footage that advances Defendants' preferred narrative.

41.     Defendants' redactions are not narrowly tailored to serve a compelling governmental interest and were imposed through conclusory, boilerplate assertions rather than individualized, record-specific justifications.

42.     FOIA's post-deprivation remedies are inadequate to cure the suppression and distortion of speech during an active public controversy in which timely access to unaltered audiovisual evidence is essential to meaningful public discourse.

43.     By selectively suppressing and distorting access to audiovisual evidence of official conduct, Defendants have engaged in selective interference with protected expressive activity, in violation of the First Amendment to the United States Constitution.

44.     As a direct and proximate result of Defendants' actions, Plaintiff LAURA WILHELM-BRUZEK has suffered and continues to suffer irreparable injury, including the ongoing suppression of protected speech and interference with public discourse concerning law-enforcement practices.

45.     The challenged redactions do not merely withhold information, but materially alter the communicative content of the recordings, impairing Plaintiff LAURA WILHELM-BRUZEK's ability to convey an accurate account of official conduct.

46.     The actions and omissions of Defendants were undertaken pursuant to official policy, custom, and practice attributable to one or more municipal Defendants.

47.     Upon information and belief, the government Defendants maintain a policy or practice of releasing body-worn camera footage in highly redacted form without individualized, record-specific justification, particularly in incidents involving public controversy.

48.     Upon information and belief, Defendants have (or otherwise enacted *Pembaur*-based) policy of releasing body-worn camera footage in highly redacted form without individualized justification in incidents generating public controversy or criticism of law enforcement.

49.     In the alternative, upon information and belief, the challenged redactions were directed or ratified by an official with final policymaking authority, constituting municipal policy under *Pembaur v. City of Cincinnati*.

**COUNT II**
**IMPROPER RESPONSE**
**FOIA VIOLATION(S)**
**(ALL DEFENDANTS)**

50.     Plaintiff LAURA WILHELM-BRUZEK incorporates by reference the previous allegations as if set forth word for word herein.

51.     When a public body receives a FOIA request, a public body shall, to the extent practicable, facilitate a separation of exempt from nonexempt information.

52.     A public body may redact only to the extent provided by Section 13 of the Freedom of Information Act.

53.     "If the separation is readily apparent to a person requesting to inspect or receive copies of the form, the public body shall generally describe the material exempted unless that description would reveal the contents of the exempt information and thus defeat the purpose of the exemption." MCL 15.244(2).

54.     Unless taking a permitted one-time extension, "within 5 business days after the public body receives the request by doing 1 of the following: (a) granting the request; (b) issuing a written notice to the requesting person denying the request; or (c) granting the request in part and issuing a written notice to the requesting person denying the request in part." MCL 15.235(2).

55.     When denying via a written notice, "[t]he written notice must contain… [a]n explanation of the basis under this act or other statute for the determination that the public record, or portion of that public record, is exempt from disclosure, if that is the reason for denying all or a portion of the request." MCL 15. 235(5)(a).

56.     Additionally, the written notice shall include "[a] full explanation of the requesting person's right to do either of the following: (i) [s]ubmit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the disclosure denial" or "(ii) [s]eek judicial review of the denial under section 10." MCL 15. 235(5)(d).

57.     Finally, the FOIA Coordinator "shall sign the written notice of denial." MCL 15. 235(6).

58.     The response provided by Denise Hyde on behalf of one or both Defendant(s) failed to comply with these requirements.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

59.     One or both Defendants acted arbitrarily and capriciously in its conduct relating to the January 12 FOIA Request in failing to adhere to the requirements of MCL 15.235 and MCL 15.255.

60.     One or both Defendants acted intentionally or otherwise in bad faith in its conduct relating to the January 12 FOIA Request.

## COUNT III
## WRONG REDACTION(S) / WITHHOLDING
## FOIA VIOLATION(S)
## (DEFENDANTS COUNTY AND SHERIFF'S OFFICE)

61.     Plaintiff LAURA WILHELM-BRUZEK incorporates by reference the previous allegations as if set forth word for word herein.

62.     Plaintiff LAURA WILHELM-BRUZEK submitted a valid request for public records via the January 12 FOIA Request.

63.     The records withheld by One or both Defendants are not entirely exempt as effectuated by one or both Defendants.

64.     To the extent that some redactions may be permitted for the January 12 FOIA Request, one or both Defendants failed to provide sufficient lawful explanations to justify such redacts as required by the *Freedom of Information Act*.

65.     One or both Defendants failed to justify the redactions on a segment-by-segment basis.

66.     One or both Defendants are wrongfully withholding portions of records and/or information that must otherwise be disclosed to Plaintiff LAURA WILHELM-BRUZEK pursuant to the January 12 FOIA Request.

67.     One or both Defendants acted arbitrarily and capriciously in its conduct relating to the January 12 FOIA Request.

68.     One or both Defendants acted intentionally or otherwise in bad faith in its conduct relating to the January 12 FOIA Request.

69.     As a result of wrongful conduct by one or both Defendants relating to the January 12 FOIA Request, Plaintiff LAURA WILHELM-BRUZEK has incurred attorney fees, costs, and disbursements which should be paid by Defendant pursuant to MCL 15.240(6).

## RELIEF REQUESTED

70.     WHEREFORE, Plaintiff LAURA WILHELM-BRUZEK requests this Court—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

a.   enter an order assigning this matter hearing and trial or for argument at the earliest practicable date and be expedited in every way pursuant to MCL 15.240(5);

b.   enter an *Evening News* order and/or conduct an *in camera* review of the unredacted body-worn camera recordings and any related materials to determine the lawfulness and constitutionality of Defendants' redactions;

c.   find that one or both Defendants are wrongfully withholding responsive records requested via the January 12 FOIA Request;

d.   enter or issue an order upon one or both Defendants to cease withholding or to produce the requested public records without redactions wrongfully withheld and to do so without unlawful redactions, or with only narrowly tailored redactions supported by individualized justification;

e.   enter an order awarding all appropriate damages (even if just nominal damages) pursuant to Michigan's *Freedom of Information Act* and 42 U.S.C. § 1983;

f.   enter an order imposing civil fines pursuant to Michigan's *Freedom of Information Act*;

g.   enter an order awarding punitive damages against Defendant DEPUTY DOE in his or her individual capacity pursuant to 42 U.S.C. § 1983;

h.   enter an order awarding all reasonable attorney fees, costs, and disbursements required by 42 U.S.C. § 1988(b) and MCL 15.240; and

i.   grant all other relief that Court deems equitable and just.

Date: February 10, 2026                    RESPECTFULLY SUBMITTED:

 /s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
THOMAS J. LAMBERT (P86348)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
tlambert@olcplc.com

8

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com